IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARK S. TAYLOR, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 5:13-cv-138 (MTT) (CHW) |
| | : | |
| CORNELIUS COLEMAN, | : | Proceedings under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Now before the Court is Mark S. Taylor's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Because the record shows that Petitioner is not entitled to relief, it is **RECOMMENDED** that the instant petition be **DISMISSED**.

## BACKGROUND

Petitioner Mark S. Taylor appears to seek relief from four separate but related convictions in the Houston County Superior Court. Although Petitioner's convictions date from 2004 to 2009, Petitioner's troubles began in August 2003 when he physically threatened his ex-wife, and then contacted her by e-mail in violation of a no-contact protective order. (Doc. 16-1, p. 3). Petitioner was charged, in case no 2004-C-31484, with one count each of Aggravated Stalking, Terroristic Threats or Acts, and "Battery (Family Violence)," but he pled guilty only to violating the protective order. (Doc. 16-1, pp. 3-6, 53-56). The other charges were dismissed pursuant to a plea agreement. (Doc. 1, pp. 1, 6). On November 10, 2004, Petitioner was sentenced to serve 12 months of probation. (Doc. 16-1, pp. 1, 17-19). Petitioner was later discharged under Georgia's First Offender's Act, O.C.G.A. 42-8-60 *et seq.*, on November 16, 2005. (Doc. 16-1, p. 13).

1

On July 1, 2005, a warrant was issued for Petitioner's arrest based on an alleged violation of the conditions of his probation. (Doc. 16-1, p. 95). According to the warrant, Petitioner threatened his ex-wife over the telephone by saying "'if I decide to come over there' 'I'm bringing hell with me.'" (*Id.*; Doc. 16-2, pp. 5-6). In case number 2005-C-35605, Petitioner pled guilty to one count each of Simple Assault and Harassing Telephone Calls. (Doc. 16-2, pp. 2, 4, 10-12). On July 21, 2005, Petitioner was sentenced to serve 12 months of probation on each count, to run consecutively. (Doc. 16-2, pp. 2,4). His sentence was terminated early on August 14, 2006. (Doc. 16-2, p. 16).

Around the time Petitioner's sentence was terminated, Petitioner moved in with a woman named Sarah Cape. (Doc. 10, p. 4). Less than one year later, on July 5, 2007, Petitioner was indicted on five separate counts, all relating to Ms. Cape: (i) influencing witness; (ii) false imprisonment; (iii) Battery (Simple); (iv) Harassing Phone Calls; and (v) Stalking. (Doc. 16-3, pp. 34-35, 58). Petitioner pled guilty only to "influencing witness" in case number 2007-C-38600, and the other charges against him were dismissed pursuant to a plea agreement. (*Id.* pp. 32, 37, 43-45). Petitioner was sentenced to serve five years of confinement, but the sentencing order stipulated that Petitioner could serve his sentence on probation after 60 days, provided that Petitioner complied with all sentencing conditions. (*Id.* p. 32). One of those conditions was banishment from Houston County. (*Id.*). Another was a no-contact order regarding Ms. Cape. (*Id.*).

On July 17, 2008, Petitioner's probation in case number 2007-C-38600 was revoked based on ten violations of his conditions of probation. (Doc. 16-3, pp. 30-31). The order of revocation stated that Petitioner had entered Houston County, contacted Ms. Cape, and in fact committed several additional felony offenses against Ms. Cape. (*Id.*). Petitioner was later

indicted and pled not guilty to three counts of aggravated stalking, (Doc. 16-6, pp. 6-9). On October 5, 2009, a Houston County jury found Petitioner guilty on all three counts in case number 2008-C-39557. (*Id.* p. 5). Petitioner was sentenced to serve five years of confinement on each count, to be served on probation, and to run concurrently, but consecutive to his sentence in case number 2007-C-38600. (Doc. 16-6, pp. 2-4).

Petitioner was represented at trial in case number 2008-C-39557 by Lawrence Guillory, who withdrew from representation, after receiving a letter of release from Petitioner, on December 9, 2009. (Doc. 16-6, pp. 65-66; Doc. 17-7, p. 4). Mr. Guillory apparently filed neither a motion for new trial nor an appeal on Petitioner's behalf due to a concern that such maneuvers might result in a harsher sentence for Petitioner. (Doc. 17-1, p. 4). On November 4, 2009, however, before Mr. Guillory withdrew, Petitioner filed both a Motion for New Trial and a Notice of Appeal *pro se*. (Doc. 16-6, pp. 70-74). It is unclear if the Houston County Superior Court Superior Court has ruled on Petitioner's filings. (Doc. 14-1, p. 8; Doc. 16-6, p. 67).

On January 6, 2010, Amanda N. Steger, a public defender, filed an entry of appearance on Petitioner's behalf, and also moved to file an out-of-time appeal in Plaintiff's case. (Doc. 16-6, pp. 67-68). It is also unclear if the Houston County Superior Court has ruled on Ms. Steger's motion.

In August 2010, Petitioner received a letter from a different public defender, Nicholas White, informing Plaintiff that his appeal in case number 2008-C-39557 might "drag on for years." (Doc. 16-6, p. 79; Doc. 17-1, pp. 2-3). Petitioner then "demand[ed] to represent himself," and Mr. White withdrew from representation. (Doc. 16-6, p. 76; Doc. 17-2, p. 2). Petitioner apparently filed a request to proceed *in forma pauperis* in a state habeas corpus action on

September 27, 2010, but there is no indication in the record that Petitioner filed an actual petition for state habeas corpus relief. (Doc. 16-7, pp. 3-5).

On October 1, 2010, Petitioner filed a "Request to Proceed on Appeal Pro-Se" in case number 2008-C-39557. (Doc. 16-6, pp. 79-82). Petitioner filed a similar motion in case number 2007-C-38600 on November 3. (Doc. 16-3, pp. 11-22). In a letter dated November 4, Houston County Superior Court Judge George F. Nunn advised Plaintiff to avail himself of appellate counsel.[1] (Doc. 17-5, pp. 2-3). On November 9, Judge Katherine K. Lumsden, also of the Houston County Superior Court, denied Petitioner's Motion for Out-of-Time Appeal in case number 2007-C-38600. (Doc. 16-3, p. 10). Plaintiff filed a Notice of Appeal from Judge Lumsden's Order of Denial on December 3, (*Id.* pp. 8-9), but the Georgia Court of Appeals ordered Petitioner to submit a "stamped 'filed' copy" of Judge Lumsden's Order on December 27, 2010. (Doc. 17-8, p. 2). When Plaintiff failed to obtain and submit the requested document within 10 days, the Georgia Court of Appeals dismissed his appeal. (Doc. 17-6, pp. 2-3; Doc. 17-9, p. 2). As for case number 2008-C-39557, it is unclear if the Georgia courts have, as of yet, ruled on Petitioner's Request to Proceed on Appeal Pro-Se. (Doc. 17, p. 2).

## "IN CUSTODY"

"District courts may entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." *White v. Butterworth*, 70 F.3d 573, 574 (11th Cir. 1995). While the "in custody" requirement may be met where a petitioner is on probation, *Duvallon v. Florida*, 691 F.2d 483 (11th Cir. 1982), "[j]urisdiction normally does not extend to a petitioner who challenges a conviction after his sentence has fully expired." *White*, 70 F.3d at 574; *see also Unger v. Moore*, 258 F.3d 1260,

---

[1] Judge Nunn advised Plaintiff of the "absolute right to represent yourself on appeal." (Doc. 17-5, p. 2). As a matter of federal law, of course, "the right to self-representation is not absolute." *Williams v. Hooks*, 408 Fed. Appx. 307, 310 (11th Cir. 2011) (citing *Martinez v. Court of Appeal*, 528 U.S. 152, 161 (2000)).

4

1263 (11th Cir. 2001) ("For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be 'in custody pursuant to the judgment of a State court.'").

The record suggests that in cases 2004 C 31484, 2005 C 35605, and 2007 C 38600, Petitioner's sentences have all expired. Additionally, Petitioner has failed to show, and the record does not indicate, that Petitioner's expired sentences have continuing "collateral consequences." *See, e.g., Mattern v. Secretary for Dept. of Corrections*, 494 F.3d 1282, 1285 (11th Cir. 2007) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), for the proposition that habeas petitioners bear the burden of showing collateral consequences); *see also Maleng v. Cook*, 490 U.S. 488 (1989). While Petitioner asks the Court to "order all within named Convictions Expunged from Petitioner[']s record," (Doc. 1, p. 4), that type of relief is not obtainable through a Section 2254 petition. *See, e.g. Johnson v. Goodrich*, 2012 WL 5931673, No. CV412-270 (S.D. Ga. Nov. 26, 2012). Indeed, Petitioner's pleadings reveal a fundamental misunderstanding of the nature of habeas corpus, which is a "remedy for severe restraints on individual liberty." *Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara Cty.*, 411 U.S. 345, 351 (1973). Accordingly, insofar as Petitioner seeks to use Section 2254 to challenge his convictions and expired sentences in cases 2004 C 31484, 2005 C 35605, and 2007 C 38600, it is recommended that the instant petition be dismissed.

### GROUNDS FOR RELIEF IN CASE NO 2008 C 39557

Presumably, Petitioner is still "on probation" pursuant to his three-count conviction and sentence in case number 2008 C 39557. Accordingly, the Court has jurisdiction to consider his Section 2254 claims regarding that case. Ignoring several irrelevant claims,[2] then, Petitioners' grounds for relief are:

---

[2] Petitioner sought to raise four "involuntary guilty plea" claims regarding cases 2004 C 31484, 2005 C 35605, and 2007 C 38600.

1. **Void Jury Trial**. Petitioner claims that the State's only eye-witness "testified at two different hearings [that] Petitioner was not the person responsible for the Aggravated Stalking."

2. **Void Indictments**. Petitioner argues that the indictment in case no. 2008 C 39557 is "Void, due to lack of all the elements necessary explaining what Criminal Act Petitioner was accused of."

3. **Malicious Prosecution**. Petitioner argues that the district attorney brought "False Charges . . . he knew had no basis of fact or Probable Cause for any action."

4. **Jury Tampering**. Petitioner claims that the district attorney "threatened the Jury while in Chambers."

5. **Judicial Misconduct**. Petitioner claims that he was "denied Due Process at trial by a prejudiced judiciary," and that his "attempts at Out of Time Direct Appeal" were "refused by the trial Court."

6. **Denial of Due Process**. Petitioner claims that he was "Convicted and Sentenced to prison in violation of the [Fifth] Amendment" because the "Evidence at trial . . . Proved beyond doubt [that] Petitioner was innocent."

7. **Ineffective Assistance of Trial Counsel**. Petitioner argues that his trial counsel "refused to investigate false charges," "[f]ailed to file proper Pre-Trial Motions," [f]ailed to file Demurre[r]s on faulty indictments," and "refus[ed] to file any Appellate Actions."

8. **Denial of Appellate Rights**. Petitioner claims that his "absolute Right to Direct Appeal from Jury Trial has been denied by the Houston County Judicial Circuit, leaving this instant action Petitioner[']s only option."

(Doc. 1, pp. 2-4; Doc. 10, pp. 6-11)

## FAILURE TO EXHAUST STATE CORRECTIVE PROCESS

Because Petitioner failed to exhaust available state corrective process, and because it is not clear that such process is ineffective, it is recommended that Petitioner's petition be dismissed for failure to exhaust.

Ordinarily, federal courts may not consider a petition for writ of habeas corpus on behalf of a person in state custody unless the petitioner has first "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In this case, however, Petitioner argues that, under 28 U.S.C. § 2254(b)(1)(B), exhaustion is not possible due to the "absence of available State corrective process," and, alternatively, due to the presence of "circumstances . . . render[ing] such process ineffective." (Doc. 17, p. 6). In support of his argument, Petitioner cites *Walker v. Thompson*, 5:05-cv-222 (CAR) (Doc. 21), a Middle District case in which a Section 2254 petitioner was excused from exhausting state remedies on the grounds of "undue delay" by state courts, including the Houston County Superior Court.

Contrary to Petitioner's argument, and unlike the facts in *Walker*, the record here indicates that unexhausted state corrective process is available to Petitioner. It does not appear, for example, that Petitioner has filed a petition for state habeas relief in case number 2008 C 39557. Nor has Petitioner filed a petition for writ of mandamus.[3] Nor has Petitioner written letters seeking clarification or information from the state courts concerning his seemingly pending appeal. Nor does anyone apart from Petitioner, himself, appear responsible for Petitioner's current lack of counsel.

To exhaust state remedies, a petitioner must "fairly presen[t] claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its

---

[3] Petitioner did apparently file an unsuccessful mandamus petition in case number 2011-V-102914-L, a divorce action, regarding custody modification. (Doc. 17, pp. 2-3).

prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Petitioner has not made the requisite effort either to exhaust available state corrective process, or to demonstrate that the available state process is ineffective. *See, e.g., U.S. ex rel. Wilson v. Rowe*, 454 F.2d 585, 589 (7th Cir. 1971) ("while the exhaustion doctrine is not jurisdictional in the technical sense, the principle of comity gives continued real viability to the doctrine which should be followed unless the state processes are demonstrably ineffective"). Accordingly, Petitioner's petition should be dismissed.

## CONCLUSION

Because Petitioner is not entitled to relief under Section 2254, it is **RECOMMENDED** that his petition be **DISMISSED**. Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this 11 showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 11th day of February, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge